FREDERICK S. WOODMAN *vs.* LEVI T. BOOTHBY and trustees.

Somerset, 1876.—November 27, 1876.

*Promissory notes.*

R, for his debt to R & Co., of which firm he was a member, made his note payable to the firm, upon which the defendant before its delivery, put his name. *Held*, 1. That he was to be regarded as a co-promisor and not as an indorser. 2. That though the note could not be enforced by the payees, it could by their indorsee.

The note having been negotiated by the payees at a bank, and having been taken up by them upon its dishonor by the makers ; it was *held* that the note was not thereby paid, and that a suit could be maintained upon it by the plaintiff to whom it had been delivered by the payees.

ON REPORT.

ASSUMPSIT on this note :

"$275.                              Fairfield, Me., April 30, 1873.

Four months after date, I promise to pay to the order of William W. Rideout & Co, two hundred seventy-five dollars, at either bank in Waterville, with interest. Value received.

No. 4,907.                              William W. Rideout.

[INDORSEMENT.]

L. T. Boothby.   Holden without demand or notice.   Wm. W. Rideout & Co."

*Plea :* never promised, with a brief statement of want of notice, payment and that the note was indorsed without consideration.

The books of the firm of Rideout & Co. and other evidence tended to show that the note was made by Rideout in payment of that amount of personal indebtedness to the firm and so applied.

It was procured to be discounted at the People's National Bank of Waterville, by R. Woodman, a member of the firm of William W. Rideout & Co. It was subsequently dishonored, and paid by Woodman ; and for a time after payment left at the bank and then taken and delivered to the plaintiff. The case is stated in the opinion sufficiently to raise the legal points decided.

*S. S. Brown,* for the plaintiff.

This is a valid form of note.   *Heywood* v. *Wingate,* 14 N. H. 73.

The plaintiff claims that the note was given to the firm of Rideout & Co. to pay debt owed by Rideout to the firm.

The defendant's claim, that the note was signed by him to accommodate the firm, is not supported by the evidence.

Want of consideration between the defendant and the firm is no defense, if proved; even if plaintiff bought the note over due with knowledge of the fact that it was an accommodation note, as between the defendant and the firm.   Story on Promissory Notes, § 194.   *Thompson* v. *Shepherd,* 12 Met. 311.   1 Daniels on Negotiable Securities, 592, 540.

When the firm redeemed the note of the bank they became the lawful holders as much as if they had never parted with it.   3 Kent's Com. 89, and authorities cited in note.

The defendant can not change the legal effect and character of note by parol proof of any agreement between him and Rideout made at date of note.   *Warren Academy* v. *Starrett,* 15 Maine, 443.   *Porter* v. *Porter,* 51 Maine, 376.

*F. A. Waldron,* for the defendants, contended that the note was not given for Rideout's private indebtedness ; that it was in-

dorsed for the accommodation of the firm at the request of one of its members, and without consideration, that he was liable only as indorser; and that when the bank received its money, his liability was at an end.

APPLETON, C. J.   This is an action upon a promissory note payable to W. W. Rideout & Co. or order on four months, signed by W. W. Rideout and given for the sum of two hundred seventy-five dollars.   Upon the back of this note, the defendant, before its delivery to the payees, placed his name; and by so doing became a joint promisor with said Rideout.   The law is well settled that when one not otherwise a party to a note puts his name upon the back at the request of the maker and before its delivery to the payee, he thereby becomes promisor.   *Malbon* v. *Southard*, 36 Maine, 147.   *Lowell* v. *Gage*, 38 Maine, 35.   *Martin* v. *Boyd*, 11 N. H. 385.   *Austin* v. *Boyd*, 24 Pick. 64.

The note being delivered to the payees was negotiated by them at a bank in Waterville; it not having been paid at maturity, they, as indorsers, were obliged to take it up, which they did and then passed it by delivery to the present plaintiff.

The bank at which the note was negotiated before its maturity acquired a good title and could have enforced its collection.   It mattered not that the defendant was an accommodation signer. Can the present plaintiff maintain this suit?

It is objected that the note was given to a firm of which the maker Rideout was a member.   It is obvious that an action could not be maintained upon the note by the payees; for the promisees could not sue one of their number as a maker.   But this affects the remedy, not the right; and when the note is duly indorsed to a third person, he acquires a legal title and may sue upon it in his own name.   *Davis* v. *Briggs*, 39 Maine, 304.   *Pitcher* v. *Barrows*, 17 Pick. 361.   *Thayer* v. *Buffum*, 11 Met. 398.

A firm is to be regarded as a distinct personality.   The firm has its estates and its liabilities separate from that of its several members.   The firm may give notes to the members composing it.   The members may give their notes to the firm of which they are constituent parts.

The defendant being a co-promisor and not an indorser, his lia-

bility was original and not dependent upon demand and notice as an indorser. The payees having taken up the note after its dishonor were holders for value and could transfer a good title. It is immaterial to the defendant to whom he pays what he has promised to pay. It is sufficient for him that the payment will discharge his liability.

But it is further urged that the note was given for the accommodation of the firm to which it was made payable and that the defendant having signed it for their benefit, the moment it was paid with their money it had performed the purpose for which it was given and that it could not be enforced against the maker who was a mere surety. But we think the facts were otherwise—that the maker Rideout was indebted to the firm ; that the note was given to discharge such indebtedness ; that the defendant signed for the accommodation of Rideout and not for the accommodation of the firm, and, consequently, that his liability is not discharged. *Defendant defaulted.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.